J-S66026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                         :
:
:
:
JAY RAYMOND LANDIS            :
:
Appellant          :      No. 4093 EDA 2017

Appeal from the Judgment of Sentence June 6, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000973-2014

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY PANELLA, J.:          **FILED APRIL 10, 2019**

This is the first of two companion appeals.  ***See also Commonwealth v. Landis***, No. 257 EDA 2018.  Appellant filed two separate notices of appeal. The two appeals are virtually identical.  However, we conclude the second notice of appeal is the operative one and accordingly, we quash this appeal.

In both appeals, Appellant, Jay Raymond Landis, challenges the same judgment of sentence.  The cases were not consolidated, but were listed consecutively.  The trial court imposed sentence following Appellant's jury conviction of one count of simple assault and related offenses.  Appellant challenges the sufficiency and weight of the evidence.

Appellant filed his post-sentence motion on June 15, 2017. The trial court granted a 30-day extension to decide the motion, extending the deadline to Monday, November 11, 2017. **See** Pa.R.Crim.P. 720(B)(3). Therefore, the

court's order granting the motion in part, filed on November 11, 2017, was timely.

However, the Commonwealth then filed an untimely request for reconsideration on November 20, 2017. *See* Pa.R.Crim.P. 720, *Comment* ("The trial judge's reconsideration must therefore be resolved within the 120-day decision period … or the 30-day extension period … whichever applies"). The Commonwealth's motion should have been denied as a matter of law; it was not. Instead, the court scheduled argument on the Commonwealth's motion for December 18, 2017. After hearing argument, the court denied reconsideration on that same day.

Appellant filed this, his first notice of appeal on December 12, 2017, indicating he was uncertain as to the status of his appellate rights under these circumstances. *See* Notice of Appeal, 12/12/17. Counsel filed a second notice of appeal on January 17, 2018.

While the Commonwealth's motion should have been denied as a matter of law, the clerk of courts did not file and serve such an order on the parties, as required under Pa.R.Crim.P. 720(B)(4), *Comment*. This constitutes a breakdown in the operations of the trial court. As we conclude Appellant's second notice of appeal was timely filed pursuant to this breakdown, this first appeal was premature. We therefore quash.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/19